[Civ. No. 3578. Second Appellate District, Division Two.—December 29, 1921.]

FREDERICK J. RAMSAY et al., Respondents, v. J. FRANK CULLEN et al., as Directors, etc., Appellants.

[1] MANDAMUS—REPEAL OF ORDINANCE—FRAUD.—A writ of mandate will not issue to compel the directors of an irrigation district to pass an ordinance repealing an ordinance passed with a fraudulent intent to accomplish an unlawful object.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

Claude L. Chambers for Appellants.

George H. Stone for Respondents.

WORKS, J.—Judgment went for petitioners on an application for the issuance of a writ of mandate and defendants appeal.

Appellants, directors of the Cardiff Irrigation District, adopted a certain ordinance. Respondents by this proceeding sought to compel them to pass a second ordinance repealing the first, alleging in the petition that the first was passed with a fraudulent intent to accomplish an unlawful object. If we grant the existence of the fraud for the purpose only of laying a foundation for a disposition of the appeal, we can see no ground upon which respondents were entitled to judgment. It is provided, looking to so much of the statute as by any possibility could be imagined to apply to the present controversy, that the writ of mandate will issue "to compel the performance of an act which the law specially enjoins" (Code Civ. Proc., sec. 1085). [1] The law does not specially enjoin legislative bodies to repeal ordinances which have sprung from their counsels as the result of frauds, no matter how strongly it may be asserted that it is as much their moral duty to repeal them, once passed, as it was their moral duty not to have enacted them originally. It is trite to assert that the performance of a moral duty may not be compelled by mandate.

Judgment reversed.

Finlayson, P. J., and Craig, J., concurred.